## ELIGIBILITY TO CITIZENSHIP.

Circuit Court of Cuyahoga County.

THE STATE OF OHIO, EX REL JOHN GALLAGHER, v. CHARLES P. SALEN, CLERK OF THE COURT OF COMMON PLEAS OF CUYAHOGA COUNTY.

Decided, November 16, 1908.

*Mandamus—Citizens Papers—Member of National Guard.*

A writ of mandamus will not lie to require the clerk of the common pleas court to issue citizenship-papers to "an honorably discharged soldier of the national guard of the state of Ohio," until the court of which he is clerk has been satisfied that relator is eligible to citizenship and has shown that he has declared his intention to become a citizen and has resided within the state for one year and is of good moral character.

*Myler & Turney,* for plaintiff in error.
*William L. Day,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an application for a writ of mandamus to compel the clerk of the common pleas court to issue citizenship papers to the relator.

A demurrer to the petition being sustained, the case is here on error.

The petition alleges that the relator "is a male alien of over the age of twenty-one years and an honorably discharged soldier of the National Guard of the state of Ohio."

By this allegation it was sought to bring the relator under the provisions of Section 2166, United States Statutes, which reads as follows:

"Any alien of the age of twenty-one years, and upwards, who has enlisted or may enlist, in the armies of the United States either regular or the volunteer forces, and has been or may be hereafter honorably discharged, shall·be admitted to become a citizen of the United States, upon his petition, without any previous intention to become such; and he shall not be required to prove more than one year's residence within the United States previous to his application to become such citizen; and the court admitting such alien shall, in addition to such proof of residence and good moral character, as now provided by law, be satisfied by competent proof of such person's having been honorably discharged from the service of the United States."

It is claimed that a member of the Ohio National Guard is enlisted in the volunteer forces of the United States, by. virtue of the provisions of the Dick law, so-called.

The judgment of the common pleas court appears to be sustainable upon any one of three grounds:

First. Under the Dick law, only those aliens who have declared their intention to become citizens of the United States may be members of the militia of the several states subject to call as forces of the United States (see 10 Fed. Stat. Annotated, 227), and Gallagher bases his application for naturalization upon his service in the state guard for the sole purpose of exempting himself from the requirement that he first declare his intention to become a citizen.

Second. The petition fails to show that the relator has resided within the state of Ohio for one year and is of good moral character, "as now provided by law," in Section 2165, United States Statutes.

Third. The writ is asked to be directed to the clerk of the court, while he has no authority to issue naturalization papers until the court to which application is made is satisfied by com-

petent proof that the alien is eligible to citizenship.    There is no allegation that any court has been so satisfied.

Judgment affirmed.